## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AMERICAN HOME                          :
ASSURANCE CO.                          :
                                       :
     v.                                  :   Civil No. CCB-13-1941
                                       :
                                       :
KBE BUILDING CORP.                     :
                                       :

## <u>MEMORANDUM ORDER</u>

     KBE Building Corporation ("KBE") seeks reimbursement from its insurer, American

Home Assurance Company ("American Home"), for the substantial costs it incurred in repairing

its subcontractors' defective construction of two buildings.  American Home sued, seeking a

declaratory judgment that it was not liable under the commercial general liability policies it had

sold KBE.  KBE counterclaimed, seeking its own declaratory judgment and alleging breach of

the policies, as well as a host of alternative contractual, quasi-contractual, and tort claims.

American Home subsequently sought summary judgment in its favor on all claims.  The court

denied that motion in part and granted it in part, entering summary judgment on KBE's claims

that American Home breached an agreement with KBE separate from the policies and that

promissory estoppel entitled it to reimbursement, among other claims.  (*See* ECF No. 64.)[1]  KBE

now moves for reconsideration of the entry of judgment on those two claims.  That motion has

been fully briefed and no hearing is necessary to its resolution.  *See* Local Rule 105.5 (D. Md.

2014).  For the reasons explained below, that motion will be denied.

---

[1] The court extensively reviewed the background of this case in the memorandum accompanying that order and will not repeat those facts here.  (*See* Mem. 2–7, ECF No. 63.)

A motion to reconsider an interlocutory order arises under Federal Rule of Civil Procedure 54(b).[2] Although the Fourth Circuit has not identified the precise standard for resolving such a motion, courts often apply the standards applicable to motions under Rules 59(e) or 60(b). *Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide, Inc.*, 921 F. Supp. 2d 470, 480 (D. Md. 2013).

> Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* at 480–81 (quoting *Akeva, LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005)). Unlike Rules 59(e) or 60(b), however, a party seeking reconsideration under Rule 54(b) need not show "extraordinary circumstances." *Netscape Commc'ns*, 704 F. Supp. 2d at 547. Because KBE points to no change in the law or to any new evidence, its motion rises and falls on proof of "clear error" or "manifest injustice." Notably, its "motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Tepeyac v. Montgomery Cnty.*, 5 F. Supp. 3d 745, 770 (D. Md. 2014) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)) (applying the Rule 59(e) standard).

KBE first appears to argue that this court applied an incorrect legal standard to the promissory estoppel claim. In its previous memorandum, the court concluded that "KBE

---

[2] The parties assert that this motion arises under Federal Rule of Civil Procedure 59(e). (*See* Mem. Supp. Mot. Reconsider 1–2, ECF No. 65-1; Opp. Mot. Reconsider 2, ECF No. 66.) But "[t]he Fourth Circuit has made clear that where, as here, the entry of *partial* summary judgment fails to resolve all claims in a suit, Rule 54([b])—not Rule 59(e) or 60(b)—governs a motion for reconsideration." *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 546 (E.D. Va. 2010) (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003)). Because the standards under Rule 54(b) and 59(e) are similar, as explained in the body of the memorandum, the parties' oversight is immaterial.

offer[ed] insufficient evidence of a *clear and definite promise* that American Home would reimburse KBE for the repairs irrespective of its obligations under the policies." (Mem. 16 (emphasis added).) "By definition" KBE argues without citation to any legal authority in its motion to reconsider, "*clear and definite contractual terms are not required*" under a theory of promissory estoppel. (Mem. Supp. Mot. Reconsider 8.)

That novel argument directly contradicts KBE's opposition to summary judgment. There, KBE argued that promissory estoppel under Connecticut and Iowa law required, among other things, "a clear and definite promise." (Opp. Summ. J. 34 n.107, ECF No. 61.) KBE thus appears to raise an entirely new argument, which precludes reconsideration. *See Tepeyac*, 5 F. Supp. 3d at 770. And even if the court's application of the standard proposed by KBE were erroneous, that error would probably be no basis for reconsideration. *Cf. E.L. ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ.*, 773 F.3d 509, 516 (4th Cir. 2014) (refusing to reverse on appeal where a party invited the court's error by proposing an incorrect legal rule in papers filed with an administrative law judge).

In any case, the court applied the correct legal standard. "[T]he theory behind promissory estoppel was to make parties 'liable for their promises despite [the] absence of' consideration required under contract law" by replacing that common law requirement with detrimental reliance.[3] *Kolkman v. Roth*, 656 N.W.2d 148, 152 (Iowa 2003) (second alteration in original) (quoting *Schoff v. Combined Ins. Co. of Am.*, 604 N.W.2d 43, 48 (Iowa 1999)). *See also Stewart v. Cendant Mobility Servs. Corp.*, 837 A.2d 736, 742 (Conn. 2003). Although that doctrine requires only a promise, not a bargain, it does nothing to lessen "[t]he requirements of clarity and

---

[3] Although American Home strongly argues that KBE did not detrimentally rely on its representations, the court did not reach that alternative argument in its memorandum accompanying the order granting summary judgment on KBE's promissory estoppel claim and it does not reach that argument now.

definiteness" otherwise required to form a binding promise.  *Stewart*, 837 A.2d at 743.  As the authorities KBE cites in its opposition explain, "[a] fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise . . . ."  *Id.* at 742.  *See also Kolkman*, 656 N.W.2d at 156 (explaining that promissory estoppel requires, among other things, "a clear and definite promise").

KBE also faults the court for failing to address *Nationwide Mutual Insurance Company v. Regional Electric Contractors, Inc.*, 680 A.2d 547 (Md. Ct. Spec. App. 1996), before rejecting KBE's promissory estoppel claim.  That case applied the law of Maryland, which neither KBE nor American Home argue governs KBE's promissory estoppel claim.  And it applied the doctrine of *equitable* estoppel under Maryland insurance law, not the doctrine of promissory estoppel.  *Id.* at 553 & n.11.  Although KBE sought to equitably estop American Home from denying coverage under the policies, the court rejected that argument for want of evidence that Connecticut law—which both parties agree governs the policies—recognizes that doctrine.  (*See* Mem. 9 n.3.)  And KBE does not dispute that conclusion in its motion for reconsideration.

KBE next argues that it offered enough evidence in its opposition to summary judgment to raise genuine issues of material fact as to whether American Home made a clear and definite promise separate from the policies.  KBE merely rehearses arguments that it previously asserted and this court previously rejected.  Retreading old ground cannot justify reconsideration.  *See Tepeyac*, 5 F. Supp. 3d at 770.

Last, KBE urges the court to reconsider in part its rejection of KBE's breach of contract claim, arguing that it provided sufficient evidence of "a meeting of the minds . . . on the use and retention of" two engineering firms, even if there was no larger agreement to reimburse KBE for

its other expenses.  (Mem. Supp. Mot. Reconsider 10.)  KBE made no such argument in its

original opposition to summary judgment, which precludes reconsideration now.  *See Tepeyac*, 5

F. Supp. 3d at 770.  Even were it otherwise, the evidence on which KBE relies in its motion for

reconsideration does not demonstrate the existence of a clear and definite promise.  Although

Goos' claims notes indicate that he discussed and approved the use of certain engineering firms,

that evidence does not establish the existence of an agreement separate from the insurance

policies, let alone an agreement sufficiently specific to constitute a promise.  (*See* Mot. Summ. J.

Ex 3A, Waldorf notes 36–37, ECF No. 43-5; Mot. Summ. J. Ex. 3B, Gainesville notes 25–26,

ECF Nos. 43-6.)  Moreover, Goos' notes are entirely consistent with American Home's standard

treatment of a potential insurance claim.  American Home "will often work with the insured and

appointed defense counsel to identify appropriate experts who can determine the nature and

scope of any construction issues and identify how those problems might be repaired."  (Mot.

Summ. J. Ex 3, Galaradi Aff. ¶ 14, ECF No. 43-4.)  Pursuing that course of action does not

amount to an agreement separate from the insurance policies.

      For the several alternative reasons described above, KBE's motion to reconsider, (ECF

No. 65), is **DENIED**.

      So **ORDERED** this 16th day of March, 2015.

                           _____/S/_____
                           Catherine C. Blake
                           United States District Judge